1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERIC KENYON,

11              Plaintiff,                    CIV. NO. S-09-1493 GEB GGH

12        vs.

13   PROFESSIONAL CREDIT
     CONTROL,
14                                            <u>FINDINGS AND RECOMMENDATIONS</u>
              Defendant.
15   _____/

16              Plaintiff's motion for entry of default judgment against defendant Professional

17   Credit Control ("defendant"), filed October 19, 2009, was submitted on the record.  Local Rule

18   230(h).  Upon review of the motion and the supporting documents, and good cause appearing,

19   the court issues the following findings and recommendations.

20   <u>BACKGROUND</u>

21              On May 30, 2009, plaintiff filed the underlying complaint in this action against

22   defendant, alleging defendant violated the Fair Debt Collection Practices Act ("FDCPA") (15

23   U.S.C. § 1692), and state law through its failure to provide required notices, collecting amounts

24   not authorized by the debt agreement or not authorized by law, false representations and threats

25   that nonpayment of the debt would result in seizure, garnishment, attachment or sale of plaintiff's

26   property or wages, and threats to sue, all of which caused plaintiff humiliation, embarrassment,

                                            1

1  and emotional distress, and invaded his privacy.  The summons and complaint were served on

2  August 5, 2009, by substituted service, with follow up service by U.S. mail on August 5, 2009.

3  Fed. R. Civ. P. 4(h).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331

4  (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendant has failed to

5  file an answer or otherwise appear in this action.  On October 2, 2009, the clerk entered default

6  against defendant Professional Credit Control.

7          Notice of the request for entry of default and the instant motion for default

8  judgment and supporting papers were served by mail on defendant at its last known address.

9  Defendant filed no opposition to the motion for entry of default judgment.  Plaintiff seeks an

10 entry of default judgment in the amount of $2,000 against defendant plus $3,965 in attorney's

11 fees and costs, for a total of $5,965.

12 DISCUSSION

13         Entry of default effects an admission of all well-pleaded allegations of the

14 complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.

15 1977).  The court finds the well pleaded allegations of the complaint state a claim for which

16 relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The

17 memorandum of points and authorities and affidavits filed in support of the motion for entry of

18 default judgment also support the finding that plaintiff is entitled to the relief requested.  There

19 are no policy considerations which preclude the entry of default judgment of the type requested.

20 See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

21     A.  Statutory Damages

22         Plaintiff seeks $1,000 pursuant to § 1692k(a)(2)(A) of the FDCPA, and $1,000

23 under the Rosenthal Act (Cal. Civ. Code § 1788.30(c)), for a total of $2,000.

24     1.  FDCPA

25         The FDCPA provides for damages of up to $1,000, and provides for factors to be

26 considered by the court, including "the frequency and persistence of noncompliance by the debt

collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(a)(2)(A); (b)(1).  Statutory damages are limited to $1,000 per action.  Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1178 (9th Cir. 2006) (limiting statutory damages to "one set of circumstances"); Nelson v. Equifax Information Services, LLC, 522 F. Supp.2d 1222 (C.D. Cal. 2007) (limiting statutory damages to "$1,000 per lawsuit, not $1,000 per violation").  The statute itself provides that "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 ..." 15 U.S.C. § 1692k(a)(2)(A).

Plaintiff's request for $1,000 in statutory damages under the FDCPA is supported by the allegations of plaintiff's complaint and should be awarded.

2. Rosenthal Act

Plaintiff also seeks $1,000 per defendant under Cal. Civ. Code § 1788.30(b).[1]

California's Rosenthal Act provides in part:

> b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000).

Unlike the FDCPA, the California Act provides that "any debt collector" shall be liable for up to $1,000.  Plaintiff has made a sufficient showing to support the requested amount of $1,000.

B. Attorneys' Fees and Costs

Plaintiff seeks $2,830 in attorney's fees and $385 in costs incurred in the instant action, plus $750 in anticipated collections fees and costs, for a total of $3,965.

---

[1]  The remedies under the Rosenthal Act "are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law."  Cal. Civ. Code § 1788.32.

Attorneys' fees are to be awarded to a prevailing plaintiff under both the FDCPA and the Rosenthal Act. 15 U.S.C. 1692k(a)(3); Cal. Civil Code 1788.30(c). In particular, under the FDCPA, some courts have ruled that an attorney fee award is mandatory in such cases. See, e.g. Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164 (7th Cir.1997). First, the court calculates the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct.1933 (1983). Second, the court must decide whether to enhance or reduce the lodestar figure based on an evaluation of the Kerr factors that are not already subsumed in the initial lodestar calculation. Fischer v. SJB-P.D. Inc., 214 F.3d 1115 (9th Cir. 2000); Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975). "A court is justified in relying on a requesting counsel's recently awarded fees when setting that counsel's reasonable hourly rate." Abad v. Williams, Cohen & Gray, Inc., 2007 WL 1839914, *4 (N.D. Cal. 2007), citing Widrig v. Apfel, 140 F.3d 1207, 1210 (9th Cir.1998).

Plaintiff's attorney requests fees for a total of 10.68 hours of attorney work at a rate of $265 per hour.[2] (Ex. A to Pl.'s Mot.) As there is no opposition by defendant, plaintiff's request for fees appears reasonable and should be granted.

Section 1692k(a)(3) also provides for recovery of "costs of the action." "Even though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n. 7 (9th Cir.1986). The non-taxable costs of filing and serving the complaint fit this description. Therefore, plaintiff will be awarded $385 in costs.

Plaintiff's request for $750 in "anticipated collection fees and costs" is not supported by statutory or other legal authority. Dayton v. Northeast Financial Solutions, 2009 WL 4571819, * 3 (W.D. N.Y. December 7, 2009), citing Molinar v. Coleman, 2009 WL 435274,

---

[2] The submitted time sheets reflect 11.1 hours of work, but counsel has deducted some time from the request.

at *3 (N.D.Tex.2009) ("The plain language of the statute states that 'the costs of the action' itself may be recovered, but does not provide for costs incurred in enforcing a resulting judgment.") (citation omitted); <u>Gervais v. O'Connell, Harris & Assocs., Inc.</u>, 297 F.Supp.2d 435, 440 n. 1 (D.Conn.2003) (plaintiff conceded he had no legal authority for such an award).  Therefore, this request should be denied.

<u>CONCLUSION</u>

In view of the foregoing findings, it is the recommendation of this court that plaintiffs' motion for entry of default judgment be GRANTED in part.  Judgment should be rendered in the amount of $5,215.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 01/20/2010                                    /s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH:076/Kenyon1493.def2.wpd